**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| DANIEL HERNANDEZ-HERNANDEZ, et al., | : | |
| Plaintiffs, | : | |
| v. | : | 1:03-CV-47-2 (WLS) |
| BASS PRODUCE, INC., et al., | : | |
| Defendants. | : | |

**ORDER**

This case was set for trial during the January 2006 Albany Trial Term. After receiving notice to prepare a pre-trial order, Plaintiffs informed the Court that it appeared that the case could be concluded without a trial. Plaintiffs argue that the case is now in a posture where damages can be readily ascertained by the Court without a trial.

The Court had previously granted summary judgment to Plaintiffs against Neon Earl Bass and entered a default judgment against Defendant Bass Produce. (Tab 47). At the time the Court refused to make an award of damages to Plaintiffs because Defendant Neon Bass had demanded a jury trial on the issue of damages. Plaintiffs then filed a motion for reconsideration making various legal arguments why the Court should issue a damage award against Defendants without a trial. (Tab 51). Between the time of filing the motion for reconsideration and the Court ruling on said motion Plaintiffs settled with Neon Earl Bass and dismissed him from the case. (Tab 52). Plaintiff did not amend its motion for reconsideration to point out that the main obstacle preventing the Court from assessing damages in the case without a bench or jury trial had been eliminated. Accordingly, the Court denied the motion for reconsideration. (Tab 54).

Plaintiffs argued in the past that damages are easily ascertained because the damages are liquidated or statutory. As Defendant Bass has been dismissed, the only issue remaining is the amount of damages that should be assessed against the defaulting Defendant, Bass Produce. A review of the record reveals that Plaintiff damages against Bass Produce are lost wages and contract damages. (Tab 30, Exhibits O-FF). These exhibits are part of the record, have not been contested by Defendant Bass Produce and are liquidated. Therefore, the Court awards damages

for lost wages, breach of contract and costs against Defendant Bass Produce in the amount of $38,494.97.  The Clerk is directed to enter judgment in favor of Plaintiffs accordingly.

**SO ORDERED**, this   16th   day of February, 2006.

                                               /s/W. Louis Sands
                                         **W. LOUIS SANDS, CHIEF JUDGE**
                                         **UNITED STATES DISTRICT COURT**